# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LEISURE PROPERTIES, LLC,**
**D/B/A CROWNLINE BOATS**

      **Plaintiff,**

v.

**SHANT ATIKIAN,**

      **Defendant.**

Case No. 20-CV-00332-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Leisure Properties, LLC ("Leisure") filed suit against Defendant Shant Atikian seeking damages and injunctive relief pursuant to the Anti-Cybersquatting Consumer Protection Act (Doc. 30, ¶ 2). The current matter before the Court is Atikian's Motion to Dismiss for Failure to State a Claim, pursuant to FED. R. CIV. P. 12(b)(6) (Doc. 31). For the reasons set forth below, the Motion is denied.

### FACTUAL & PROCEDURAL BACKGROUND

Leisure has manufactured, distributed, advertised, and sold boats and related products under the brand name of "Crownline Boats" and "Crownline" since at least 1991 (Doc. 30, ¶ 8). Leisure also owns and maintains the website domain "crownline.com" (*Id.* at ¶ 14).

In September 2019, Atikian purchased the right to use the website domain "crownlineboatreviews.com" (*Id.* at ¶ 16). After Leisure became aware of this website, it sent a cease and desist request and attempted to obtain the identity of the then-

unknown owner of the domain (*Id.* at ¶¶ 19-20). When neither of these efforts bore fruit, Leisure filed suit (Doc. 1).

Using an *ex parte* motion for expedited limited discovery, Leisure obtained Atikian's identity as the owner and submitted its Amended Complaint (Doc. 9). In response, Atikian moved to dismiss pursuant to Rule 12(b)(6) (Doc. 25). This Court then granted Leisure the opportunity to file another amended complaint and Leisure filed its Second Amended Complaint ("SAC") (Docs. 27, 30). The SAC contains a single count, alleging that Atikian has infringed the rights of Leisure in violation the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), seeking an injunction and damages (*Id.* at ¶¶ 43-52). Once again, Atikian moved to dismiss pursuant to Rule 12(b)(6) (Doc. 31).

## Legal Standard

To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the plaintiff must provide enough "factual enhancement" to "[nudge] their claims across the line from conceivable to plausible . . . ." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

When applying this standard, the court must "accept as true all factual allegations in the amended complaint and draw all permissible inferences in [the non-moving plaintiff's] favor." *Bible v. United Student Aid Funds, Inc.,* 799 F.3d 633, 639 (7th Cir. 2015). In fact, "a well-pleaded complaint may proceed even if it strikes a

savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 666 (7th Cir. 2013), *quoting Twombly,* 550 U.S. at 556. However, allegations that merely state "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" are not entitled to this assumption of truth. *Ashcroft v. Iqbal*, 566 U.S. at 678.

## ANALYSIS

Leisure's SAC asserts a claim under 15 U.S.C. § 1125(d) of the ACPA for cybersquatting. Cybersquatting is defined as the "bad faith registration of domain names with intent to profit from the goodwill associated with the trademarks of another." *Vulcan Golf, LLC v. Google Inc.*, 726 F. Supp. 2d 911, 915 (N.D. Ill. 2010). To overcome Atikian's Motion to Dismiss, Leisure must state a claim that plausibly alleges: (1) that it owns a famous or distinctive mark; (2) that Atikian registers, uses, or traffics in the domain name that is identical to or confusingly similar to the distinctive or famous mark; and (3) that Atikian had a "bad faith motive to profit" from the mark. 15 U.S.C. § 1125(d)(1)(A); *Flentye v. Kathrein*, 485 F.Supp.2d 903, 914 (N.D. Ill. 2007).

The Court must accept all well-pleaded factual allegations as true for purposes of the Motion. *Twombly*, 550 U.S. at 555. Leisure alleged that it owns both federally registered and common law trademarks for various forms of the "Crownline" name and logo, including the domain name "crownline.com" (Doc. 30 at ¶¶ 8-14). Leisure also claimed that Atikian registered and owns the domain name at issue, "crownlineboatreviews.com" (*Id.* at ¶¶ 16, 24). Additionally, Leisure stated that

Atikian's domain is "confusingly similar" to Leisure's trademark and domain (Doc. 30 at ¶ 25).

Moreover, Leisure explicitly alleged that Atikian registered the domain name with intent to cause confusion with Leisure's consumers and tarnish Leisure's marks and goodwill. (*Id.* at ¶¶ 36-38) Leisure further claimed that Atikian registered the domain names with a bad faith intent to profit by offering to transfer the domain "in exchange for money for his boat, a new boat, part upgrades, and/or out of warranty servicing . . ." (*Id.* at ¶ 47). These allegations, which must be credited at this point in the proceedings, are sufficient to support a reasonable inference of bad faith intent under the ACPA's statutory factors set forth in 15 U.S.C. § 1125(d)(1)(B)(i). Though Atikian disputes these allegations and their applicability, such arguments cannot be resolved in a motion to dismiss, especially in the face of Leisure's explicit allegations. *See Vulcan Golf, LLC*, 552 F.Supp.2d. at 764-65 (denying the motion to dismiss after considering the totality of plaintiff's allegations, despite defendant's argument that the bad faith intent requirement was not met). Therefore, Leisure has sufficiently stated a claim under § 1125(d) of the ACPA.

## CONCLUSION

For the reasons set forth above, Defendant Shant Atikian's Motion to Dismiss (Doc. 31) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 16, 2021**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
